IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| REBECCA LOVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No._____ |
| ) | |
| UNITED STATES OF AMERICA ) | |
| For and on behalf of ) | |
| CHAN K. NGO-REYES, M.D. ) | |
| ) | |
| and ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| For and on behalf of ) | |
| ADVOCATES FOR A HEALTHY ) | |
| COMMUNITY, INC, d/b/a ) | |
| JORDAN VALLEY COMMUNITY ) | |
| HEALTH CENTER, ) | |
| ) | |
| and ) | |
| ) | |
| DYNACARE LABORATORIES, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff, Rebecca Love, and for her cause of action against Defendants states and alleges as follow:

1. At all times relevant, Plaintiff was a resident of Greene County, Missouri, and now resides at 610 South Wabash Avenue, Springfield, Missouri 65802.

2. Defendant United States of America, for and on behalf of Advocates of a Healthy Community, Inc, d/b/a Jordan Valley Community Health Center (hereinafter referred to as "Jordan Valley") is a Missouri nonprofit corporation in good standing in the State of Missouri, with a facility located at 440 East Tampa, Springfield, Missouri, 65806 in Greene County, Missouri, whose registered agent is Harold Bengsch, 440 East Tampa, Springfield, Missouri 65806.

3. Defendant United States of America, for and on behalf of Chan K. Ngo-Reyes, M.D. (hereinafter referred to "Dr. Ngo-Reyes") is and was at all relevant times hereinafter mentioned, a healthcare provider, a duly licensed physician engaged in the practice of medicine representing and holding herself out to the public as a physician, and did or does maintain an office and practice of medicine at Jordan Valley Community Health Center, 440 East Tampa, Springfield, Missouri 65806.

4. Defendant Dynacare Laboratories, Inc., (hereinafter referred to as "Dynacare"), is a foreign corporation in good standing in the State of Missouri, with a facility at 1310 East Kingsley Street, Springfield, Missouri 65804, whose registered agent is Martha Huff, 204 S. Ellen, Nixa, Missouri 65714.

5. The acts hereinafter mentioned giving rise to this cause of action all occurred in Greene County, Missouri; that the causes of action alleged are torts; that Plaintiff's damages exceed $75,000.00, and this Court has proper jurisdiction and venue in this cause pursuant to Diversity as to Plaintiff and Defendant Dynacare Laboratories, Inc., pursuant to Title 28, United States Code Sections 1441 and 1446.

6. Jordan Valley Health Center and its employees, specifically Dr. Ngo-Reyes, have

2

been deemed as federal employees by the Secretary of Health and Human Services, pursuant to the federally supported Health Care Assistance Act of 1995, Title 42 U.S.C § 201 et seq.

7. That as federal employees, such action against them are to be treated as actions against the United States of America 42 USC § 233(a) and that the United States must be substituted as the party Defendant 28 USC § 2679(d)(2).

8. That Plaintiff filed a claim under the Federal Tort claims Act against Dr. Ngo-Reyes and Jordan Valley which was acknowledge received by the Department of Health and Human Services on October 28, 2010.

9. The Federal Tort Claims Act provides six months for the federal agency, in this case the Department of Health and Human Services responded to the claim and as of the date of May 7, 2012, the Department of Health and Human Services, denied Plaintiff's claim and therefore, Plaintiff has exhausted her administrative remedies. Title 28 USC § 2675(a).

10. That pursuant to 28 USC § 1346(b), this Court has jurisdiction over cases against employees of the United States in which damages are being sought. Federal Tort Claims Act 42 USC §§ 233(a).

11. At all relevant times mentioned herein, Jordan Valley regularly employed Dr. Ngo-Reyes as an agent, servant, and employee of Jordan Valley acting within the course and scope of her employment and, as such, rendered Jordan Valley liable for her acts of negligence as an agent upon the doctrine of *respondeat superior* and apparent authority; and that Jordan Valley is also vicariously responsible for the acts and omissions of any other of its agents and employees that participated in the care and treatment of Rebecca Love.

12. At all relevant times mentioned herein, Jordan Valley, Dr. Ngo-Reyes, and

Dynacare were acting in concert with one another regarding the care and treatment of Plaintiff Rebecca Love, and specifically, the testing of Plaintiff for HIV.

13. The relationship of healthcare provider and patient existed between Rebecca Love and Jordan Valley, Dr. Ngo-Reyes and Dynacare at all relevant times mentioned herein.

## COUNT I

### Negligence

14. Plaintiff restates and realleges all of paragraphs 1 through 12 of this Petition, and incorporates each of said paragraphs herein by reference as if fully set forth.

15. On or about November 6, 2008, Plaintiff Rebecca Love visited Jordan Valley for a prenatal appointment conducted by Dr. Ngo-Reyes. Dr. Ngo-Reyes, as part of Plaintiff's care, ordered prenatal serum laboratory tests which included HIV testing; such laboratory tests were conducted by Dynacare.

16. Dynacare performed a Western Blot HIV test as part of the prenatal screening ordered by Dr. Ngo-Reyes and the test results came back with a false positive for HIV.

17. On or about November 12, 2008, Dr. Ngo-Reyes informed Plaintiff Rebecca Love that she was positive for HIV infection.

18. That in response to the announcement of the positive HIV test, Rebecca Love was forced to undergo counseling, endure unnecessary medical treatment, including anti-retroviral therapy, take unnecessary medications, locate a high risk OBGYN who would accept HIV positive patients to deliver her baby, undergo an unnecessary cesarean section and tubal ligation and endure the emotional strain of hiring to have her husband and children undergo testing for

4

HIV and the mental anguish of watching her child born with possible HIV infection and watching her newborn child undergo unnecessary HIV treatment every six hours following his birth.

19. On February 12, 2009, following further HIV testing requested by Dr. Eric Fullnecky (Plaintiff's treating physician for infectious diseases), Plaintiff Rebecca Love was informed that she was not infected with the HIV virus.

20. The laboratory testing and results, treatment, advice, and care rendered by one or both Defendants to Rebecca Love were negligent in any one or more of the following respects, to-wit:

    (a) In failing to diagnose, discover, investigate or detect her negative HIV status prior to informing Rebecca Love that she was HIV positive;

    (b) In failing to perform the recommended or required ELISA HIV testing first to discover that Plaintiff Rebecca Love is HIV negative;

    (c) In performing the Western Blot HIV test which resulted in a false positive in lieu of performing the ELISA test to discover that Rebecca Love was HIV negative;

    (d) In failing to follow the normal collection of specimens and testing procedures for an HIV test by failing to run ELISA tests and Western Blot test in the proper sequence;

    (e) In failing to recognize that the Western Blot test results may be a false positive HIV diagnosis for persons who are pregnant and have had prior pregnancies such as Plaintiff;

5

(f) In failing to provide adequate medical care and treatment, including, but not limited to, proper HIV testing in collecting, labeling, transporting and reporting tests for HIV in order to ensure the correct results are reported as to HIV tests;

(g) In failing to recognize that the Western Blot test results may be a false positive for persons who are undergoing physiological stress be means or of infection or illness or other conditions;

(h) In failing to perform a clinical analysis of Plaintiff by a determination of the Plaintiff degree of risk factors, immune status, current and past symptoms and laboratory data prior to making a diagnosis of HIV;

(i) In failing to determine whether the Western Blot test used on Plaintiff had been recalled as an inaccurate HIV antibody test;

(j) In solely relying on the one Western Blot test to diagnosis Plaintiff with HIV without a full clinical evaluation of Plaintiff's medical history, degree of risk, past and current symptoms and other laboratory testing;

(k) In failing to follow the manufacturers of the Western Blot test warning to not use the test as the sole basis of the HIV-1 diagnosis;

(l) In failing to recognize that Plaintiff had a history of Raynaud's Disease which can cause a false positive test for HIV antibody;

(m) In failing to consider in the diagnosis that false positive test results for HIV antibody are found commonly in low risk patients like the Plaintiff;

(n) In failing to use the Western Blot test only as a confirmatory test for HIV

6

of the Plaintiff;

(o) In failing to perform and to take into consideration other laboratory testing by means of viral load testing for HIV;

(p) In failing to take the necessary steps to ensure the accuracy of the test in specifying the kind of sample, specifying the collection method and devise, the identifying and labeling of the sample, specifying the criteria and method of handling and transportation, identifying the Western Blot test kit used and means of testing, recording and reporting the test results;

(q) In failing to consider the result of other laboratory test results of Plaintiff from other testing other than the ELISA and Western Blot test which were in consistent with HIV infection;

(r) In failing to retest the Plaintiff with a second sample collected from the Plaintiff by way of ELISA and Western Blot to eliminate any possible testing or laboratory error;

(s) In failing to take into consideration the Plaintiff's emotional and psychological condition can cause the Western Blot test results to be inaccurate; and

(t) In failing to exercise that degree of skill and learning normally exercised by members of Defendants' profession in testing, collecting, labeling, transporting and reporting for HIV infection.

21. That Defendants should have realized that the negligent conduct described above involved an unreasonable risk of causing Plaintiff Rebecca Love emotional distress.

7

22. The Defendants' conduct directly and proximately resulted in damages to Rebecca Love, or contributed to cause damage to Rebecca Love, such that she suffered and continues to suffer pain, mental anguish, physical injury, severe emotional distress, and the loss of life's enjoyment, and Plaintiff has incurred excessive medical and hospital expenses and lost income that would not have been necessary but for the negligence of Defendants.

23. The mental anguish and emotional distress suffered by Plaintiff Rebecca Love was both medically diagnosable and medically significant.

WHEREFORE, Plaintiff prays for judgment on Count I against the Defendants in an amount in excess of $75,000.00 and that is fair and reasonable, for Plaintiff's cost and for such further and additional relief as the court deems just and proper.

## COUNT II

### Medical Negligence

24. Plaintiff restates and realleges all of paragraphs 1 through 24 of this Petition, and incorporates each of said paragraphs herein by reference as if fully set forth.

25. Plaintiff Rebecca Love remained under the evaluation and treatment of Jordan Valley, Dr. Ngo-Reyes and Dynacare for, but not limited to, medical care prior to and on November 12, 2008.

26. That on November 12, 2008, Rebecca Love was misdiagnosed with HIV infection. The misdiagnosis was communicated to Rebecca Love on that same date.

27. Plaintiff suffered injuries and damages that are more fully alleged below.

28. Plaintiff allowed Defendants to act as healthcare providers for evaluating, diagnosing, and treating medical problems, including but not limited to Plaintiff's HIV status.

8

29. The laboratory testing and results, treatment, advice, and care rendered by Defendants to Rebecca Love were careless and negligent by failing to exercise that degree of skill and learning by members of each of Defendants' professions by one or all of the Defendants in any one of the following respects, or all of the following respects, to-wit:

    (a)    In failing to diagnose, discover, investigate or detect her negative HIV status prior to informing Rebecca Love that she was HIV positive;

    (b)    In failing to perform, recommend or require the ELISA HIV test to discover that Plaintiff Rebecca Love is HIV negative;

    (c)    In performing the Western Blot HIV test which resulted in a false positive in lieu of performing the ELISA test to discover that Rebecca Love was HIV negative;

    (d)    In failing to follow the normal collection of specimens and testing procedures for an AIDS test by failing to run an ELISA test and Western Blot test in the proper sequence;

    (e)    In failing to recognize that the Western Blot test results can be a false positive HIV diagnosis for persons who are pregnant and have had prior pregnancies, such as Plaintiff;

    (f)    In failing to provide her with adequate medical care and treatment, including, but not limited to, proper HIV testing in collecting, labeling, transporting, analyzing and reporting tests for HIV in order to ensure that the correct results are reported;

    (g)    In failing to recognize that the Western Blot test results may be a false

positive for persons who are undergoing physiological stress be means or of infection or illness or other conditions;

(h) In failing to perform a clinical analysis of Plaintiff by a determination of the Plaintiff degree of risk factors, immune status, current and past symptoms and laboratory data prior to making a diagnosis of HIV;

(i) In failing to determine whether the Western Blot test used on Plaintiff had been recalled as an inaccurate HIV antibody test;

(j) In solely relying on the one Western Blot test to diagnosis Plaintiff with HIV without a full clinical evaluation of Plaintiff's medical history, degree of risk, past and current symptoms and other laboratory testing;

(k) In failing to follow the manufacturers of the Western Blot test warning to not use the test as the sole basis of the HIV-1 diagnosis;

(l) In failing to recognize that Plaintiff had a history of Raynard's Disease which can cause a false positive test for HIV antibody;

(m) In failing to consider in the diagnosis that false positive test results for HIV antibody are found commonly in low risk patients like the Plaintiff;

(n) In failing to use the Western Blot test only as a confirmatory test for HIV of the Plaintiff;

(o) In failing to perform and to take into consideration other laboratory testing by means of viral load testing for HIV;

(p) In failing to take the necessary steps to ensure the accuracy of the test in specifying the kind of sample, specifying the collection method and

10

| | | devise, the identifying and labeling of the sample, specifying the criteria and method of handling and transportation, identifying the Western Blot test kit used and means of testing, recording and reporting the test results; |
|---|---|---|
| | (q) | In failing to consider the result of other laboratory test results of Plaintiff from other testing other than the ELISA and Western Blot test which were in consistent with HIV infection; |
| | (r) | In failing to retest the Plaintiff with a second sample collected from the Plaintiff by way of ELISA and Western Blot to eliminate any possible testing or laboratory error; |
| | (s) | In failing to take into consideration the Plaintiff's emotional and psychological condition can cause the Western Blot test results to be inaccurate; and |
| | (t) | In failing to exercise that degree of skill and learning normally exercised by members of Defendants' profession in testing, collecting, labeling, transporting and reporting tests for HIV infection. |

30. That Defendants' conduct directly and proximately resulted in damages to Rebecca Love, or contributed to cause damage to Rebecca Love, such that she suffered and continues to suffer pain, mental anguish, physical injury, severe emotional distress and the loss of life's enjoyment, and Plaintiff has incurred excessive medical and hospital expense and lost income that would not have been necessary but for the negligence of Defendants.

WHEREFORE, Plaintiff prays for judgment on Count II against the Defendants, in an amount in excess of $75,000.00 and that is fair and reasonable, for Plaintiff's cost and such

11

further and additional relief as the Court deems just and proper.

## COUNT III

### In the Alternative, Res Ipsa Loquitur

31. Plaintiff restates and realleges all of paragraphs 1 through 31 of this Petition, and incorporates each of said paragraphs herein by reference as if fully set forth.

32. A false positive HIV diagnosis is an incident of the kind which ordinarily occurs due to someone's negligence.

33. The HIV testing, including the collection, labeling, analyzing, transporting and reporting of the specimen, and subsequent communication of the erroneous test results were entirely under the management and control of Defendants.

34. That Defendants had superior knowledge or access to the information as to the cause of the false positive HIV test and communication of the positive HIV diagnosis to Plaintiff.

35. That Defendants' conduct directly and proximately resulted in damages to Rebecca Love, or contributed to cause damages to Rebecca Love, so that she suffered and continues to suffer pain, mental anguish, permanent physical injury, severe emotional distress, and loss of life's enjoyment, and incurred medical and hospital expenses, and loss of income that would not have been necessary but for the negligence of Defendants.

WHEREFORE, Plaintiff in the alternative prays for judgment against the Defendants for Count III in an amount in excess of $75,000.00 and that is fair and reasonable, for Plaintiff's cost and for such further and additional relief as the Court deems just and proper.

## Jury Demand

Plaintiff hereby demands trial by jury.

                              DAVID W. HALL, L.L.C.

                              /s/ David W. Hall, Jr.
By_____
    David W. Hall, Jr.
    Missouri Bar No. 24514
    1370 E. Primrose, Suite G
    Springfield, MO 65804
    dhall@dwhall-law.com
    Telephone: (417) 886-2677
    Fax: (417) 886-2687
    ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was forwarded to the Clerk of the Court by way of the ECF System on the 31st day of October, 2012, for filing and transmittal of a Notice of Electronic Filing and also summons to be mailed November 1, 2012, by U.S. Postage prepaid certified mail return receipt requested to the following:

Mr. James V. O'Brien
Ms. Jayme E. Major
Lewis, Rice & Fingersh, L.C.
600 Washington Ave., Suite 2500
St. Louis, MO 63101

Mr. Jerry L. Short
Assistant United States Attorney
Western District of Missouri
Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, MO 64106

                              /s/ David W. Hall, Jr.